Richmond

## Boykins Narrow Fabrics Corporation

### v.

## Weldon Roofing and Sheet Metal, Inc.

June 6, 1980.

Record No. 781001.

Present: All the Justices.

*Michael W. Smith (Robert Alfred Gouldin; Gilbert W. Francis; Christian, Barton, Epps, Brent & Chappell,* on briefs), for appellant.
*H. Benjamin Vincent (Vincent and Bloom,* on brief), for appellee.

HARRISON, J., delivered the opinion of the Court.

On August 20, 1976, Boykins Narrow Fabrics Corporation filed its motion for judgment, seeking to recover $291,979 from Weldon Roofing and Sheet Metal, Inc., for its alleged breach of contract to install on Boykins' plant in Southhampton County for $18,729, a twenty-year bonded built-up roof with gravel surface. Specifically, plaintiff claimed that the roof that Weldon installed was defective and leaked, and that defendant's attempts to patch and modify it, made over a period of nine years beginning in October 1966, were unsuccessful to stop the leakage and that by reason thereof its machinery

and materials were damaged and its production impeded. Boykins alleged that it replaced the roof at a cost of $58,479, and that at the time of replacement it discovered that a portion of the roof installed by Weldon had no vapor barrier of any kind and that another portion had a type of vapor barrier which was not the type specified by the contract. Weldon filed a plea of the statute of limitations and, following argument by counsel, the court below rendered its opinion, dated September 16, 1977, in which it concluded that defendant's plea would be sustained.

Thereafter, on November 23, 1977, Boykins moved the court for leave to file an amended motion for judgment in which it alleged that Weldon "guaranteed and warranted the roof when installed against defects and particularly against leaks and leakage for a period of 20 years"; that it paid Weldon for its installation of the roof on or about March 24, 1966; that the leaks and defects in the roof developed on or about October 1, 1966; and that defendant's efforts to repair the roof had the result of postponing any breach of the alleged guaranty or warranty until defendant finally refused to render further performance in November 1975. On March 9, 1978, the trial court considered plaintiff's motion to amend and observed that there was no mention of any guarantee or warranty in the contract between Boykins and Weldon. The court found no ambiguity in the words "20 yr. bonded roof with gravel surface," holding that the words were simply descriptive of the materials to be used, and that the defendant did not thereby guarantee the roof for twenty years against leaks and leakage. Accordingly, the court adhered to its September 16, 1977 ruling and entered an order on April 20, 1978, overruling plaintiff's motion to amend, sustaining the defendant's plea of the statute of limitations and dismissing the cause.

On May 10, 1978, Boykins filed a motion to vacate the April 20, 1978 order, for leave to amend its motion for judgment, assert a special plea of equitable estoppel as a bar to the statute of limitations, and to add a count in fraud. It tendered an amended motion in which it alleged, *inter alia,* that Weldon had knowledge that the roof as installed did not comply with the contract it had with the plaintiff and that it fraudulently represented that it did so comply; that defendant recommended certain remedial measures, notwithstanding it had knowledge that these measures would not be adequate to stop the leakage problem; and that plaintiff had no means of discovering the falsity of any of these representations. Plaintiff alleged that defendant, because of its continued representations, statements, acts, and efforts to repair the defective roof, was equitably estopped to

raise the statute of limitations as a bar to the plaintiff's action. On May 10, 1978, the court reviewed the proposed amended motion for judgment, found it insufficient as a matter of law for the reasons set forth in its opinions dated September 16, 1977, and March 9, 1978, and ordered that the plaintiff's motion to vacate and file an amended motion for judgment be denied. This appeal followed.

In a written memorandum of argument filed in the court below, counsel for Boykins capsuled his alleged case against Weldon as follows:

> In 1965 Plaintiff employed, by written contract, Defendant to put a 20 year bonded built up roof on an *addition* to an industrial plant. The roof was "installed" in 1966. It was never right. It leaked. Defendant comes back, patches the leaks, tries different things, follows different theories, modifies the roof, but the roof still leaked. The last work done by the Defendant on the roof was mid 1975 (Weldon enjoys a good reputation and it wanted to have a pleased customer). [Previously (1962) Weldon installed [the] same type of roof on the *original* plant and that roof has never given any trouble.] The parties continued to discuss the mutual problem until November 1975, and when there was nothing else [that] could or would be done to stop the leaks the parties became exhausted in their relationship. Plaintiff contracted with a third party (March 1976) to replace the roof. In removing the old roof a sample was tested and the reason for the original roof leaking was then discovered. The Plaintiff forthwith (August 1976) filed suit. Defendant pled the Statute of Limitations.

This statement negates any allegation of fraud or any basis for application of the doctrine of equitable estoppel. Plaintiff says the roof was "never right." If so, it had a cause of action which could have been asserted immediately after the roof was installed. Plaintiff admits that Weldon had previously installed the "same type of roof" on its original plant and that it had never given any trouble. Plaintiff says that defendant tried different things, followed different theories, and modified the roof, all in an effort to correct a condition which both parties recognized. Clearly this is not a charge of bad faith, or that defendant was trying to lull the plaintiff into inaction. Rather, it is a description of a roofing contractor trying to satisfy a customer and fulfill its contract. Plaintiff admits that Weldon enjoyed a good reputation and that it wanted to satisfy and please Boykins. These representations to the court were wholly inconsistent with plaintiff's

subsequent allegations of fraud leveled against Weldon. Plaintiff admits that the problem was "mutual," one to which both parties addressed their attention until November 1975, when they both gave up because of exhaustion "in their relationship." The plaintiff's interests would probably have been better served had it become "exhausted" within the five year limitation period, but this did not occur. Plaintiff apparently preferred to tolerate a defective roof for a period of ten years rather than engage in a law suit with a roofing contractor who had previously performed satisfactory work for plaintiff, enjoyed a good reputation in the community, and was making an effort to correct the condition.

The principles which control our decision are well settled. In *Brunswick Corp.* v. *Perkinson,* 153 Va. 603, 151 S.E. 138 (1930), the defendant cut timber on land claimed by plaintiff. Thereafter plaintiff filed a petition to establish the boundary line between its land and adjacent land claimed by defendant and ultimately prevailed in this court. It then brought an action for the trespass committed by the defendant and was confronted with a plea of the statute of limitations. The court sustained the plea, holding that plaintiff could have, in addition to his proceeding to determine common boundary, at the same time in an appropriate action, sought damages for defendant's antecedent trespass. We said:

> It is well settled, and needs the citation of no authority to that effect, that the statute begins to run when the right of action accrues. It is equally well settled that in its terms the statute is absolute, admitting of no exception which itself does not recognize, unless under certain extraordinary circumstances, wherein the positive and plain requirements of an equitable estoppel preclude its application. . . . It is also held that the defendant, who has by affirmative act deprived the plaintiff of his power to assert his cause of action in due season, as by process of injunction, will not be permitted to avail himself of the statute when this obstruction to the plaintiff's action shall have been at length removed. . . .

*Id.* at 608, 151 S.E. at 140.

In *Culpeper N. Bank* v. *Tide. I. Co.,* 119 Va. 73, 89 S.E. 118 (1916), one issue involved whether the bank, by any indirect way or means, had obstructed the prosecution of a suit against it by Tidewater Improvement Company and thereby tolled the running of the statute

of limitations. We quoted with approval from 2 Wood on Limitations (4th ed.) p. 1422 as follows:

> "Fraudulent concealment must consist of affirmative acts of misrepresentation, mere silence being insufficient. The fraud which will relieve the bar of the statute must be of that character which involves moral turpitude, and must have the effect of debarring or deterring the plaintiff from his action."

*Id.* at 84, 89 S.E. at 121.

*Housing Authority* v. *Laburnum Corp.*, 195 Va. 827, 80 S.E. 2d 574 (1954), involved an action for damages to a building allegedly caused by defective workmanship and materials furnished by the defendant. Among other allegations plaintiff also alleged the defendant was guilty of both actual and constructive fraud in misrepresenting that the work had been completed according to specifications. We said:

> It nowhere appears that the designed purpose of the alleged misrepresentations was to conceal the cause of action. Constructive fraud is not such as will toll the running of the statute of limitations. The character of fraud necessary to toll the statute must be of a variety involving moral turpitude. A defendant must intend to conceal the discovery of the cause of action by trick or artifice and must have thus actually concealed it from the plaintiff in order for the exception to apply. . . .

*Id.* at 840, 80 S.E.2d at 582.

■ Applicable Virginia precedent clearly establishes that a party seeking to invoke the doctrine of estoppel must prove by clear, precise, and unequivocal evidence the following elements: (1) A material fact was falsely represented or concealed; (2) The representation or concealment was made with knowledge of the facts; (3) The party to whom the representation was made was ignorant of the truth of the matter; (4) The representation was made with the intention that the other party should act upon it; (5) The other party was induced to act upon it; and (6) The party claiming estoppel was misled to his injury. *See Coleman* v. *Nationwide Life Ins. Co.*, 211 Va. 579, 582-83, 179 S.E.2d 466, 469 (1971); *Trayer* v. *Bristol Parking*, 198 Va. 595, 604-05, 95 S.E.2d 224, 231 (1956).

The court below, applying these principles to plaintiff's claim of estoppel, concluded that the plaintiff's motion and amended motions failed to allege that defendant made any representation, or committed any affirmative act, which was reasonably calculated to induce, or which did in fact induce, Boykins to refrain from filing suit against Weldon within the statutory limitation period.

Boykins was at no time ignorant of the true state of facts. It says that it discovered that the roof was faulty as soon as it had been installed, and it says that when the roof was replaced it discovered the reason for the leakage, a fact that could have been discovered at any time by Boykins. In *Lindsay* v. *James,* 188 Va. 646, 659, 51 S.E.2d 326, 332 (1949), we said:

> It is essential to the application of the principles of equitable estoppel, . . . that the party claiming to have been influenced by the conduct or declarations of another to his injury, was not only ignorant of the true state of facts, but had no convenient and available means of acquiring such information, and where the facts are known to both parties, and both had the same means of ascertaining the truth, there can be no estoppel.

The record provides no substantial support for Boykins' claim that Weldon lulled it into a false sense of security through fraudulent acts. The allegation of fraud, and plaintiff's reliance on equitable estoppel, did not surface until the time plaintiff tendered its second amended motion for judgment, until after it had suffered two adverse rulings by the trial court, and until there had been an elapse of twelve years from the time the roof was installed and found defective.

We find no error in the trial court's refusal to permit the plaintiff to amend its motion for judgment. The misconduct by Weldon alleged by Boykins was not such as had the effect of debarring or deterring the plaintiff from its action. Accordingly, we hold the defendant's plea of the statute of limitations was properly sustained.

*Affirmed.*