## CIRCUIT COURT OF THE CITY OF RICHMOND

Wheat First Securities, Inc.

v.

Paul Henry Steele

### Case No. LR-2498-1

By JUDGE MELVIN R. HUGHES, JR.

January 16, 1990

This case tried without a jury on November 3, 1989, and taken under advisement.

The facts revolve around the defendant placing with the plaintiff for sale 51 shares of Ohio Power stock. Upon the sale, plaintiff gave defendant a check for "proceeds from Ohio Paper . . ." when in fact the proceeds for the sale were for twice the amount, 102 shares. In this suit by plaintiff to recover the difference, both parties apply the law of estoppel, the plaintiff arguing the doctrine does not apply and *the defendant arguing it does*, such that plaintiff is precluded from recovery.

Both sides cite *Boykins Narrow Fabrics Corp. v. Waldon Roofing and Sheet Metal, Inc.*, 221 Va. 81, 86 (1980), as authority for a definition of equitable estoppel as follows:

Applicable Virginia precedent clearly establishes that a party seeking to invoke the doctrine of estoppel must prove by clear, precise, and unequivocal evidence the following elements: (1) a material fact was falsely represented or concealed; (2) the representation of concealment was made with knowledge of the facts; (3) the party to whom the representation was made

was ignorant of the truth of the matter; (4) the representation was made with the intention that the other party should act upon it; (5) the other party was induced to act upon it; and (6) the party claiming estoppel was misled to his injury.

While the plaintiff argues that defendant can make out all but two elements in the definition and defendant says the evidence satisfies all elements, the Court is most persuaded by the evidence that proof is lacking in fact and the law that defendant relied to his detriment by what plaintiff mistakenly did. It is hard to see how defendant is in a position of detrimental reliance when the reliance actually amounted to a benefit to him, inasmuch as he received double the amount of sale proceeds for which he was otherwise entitled. Detrimental reliance means just what the term implies, that one is put in a worse position by the reliance, not, as here, that the person relying receives an advantage. In addition, there is no evidence of plaintiff falsely representing or concealing the facts. Plaintiff just made a mistake for which defendant ought not be allowed the advantage. For this reason, I do not consider the doctrine of estoppel available to defendant to avoid a judgment against him as prayed for by the plaintiff under the facts of the case.

Accordingly, the court has given judgment for plaintiff in the amount sought, noting defendant's exceptions.

January 17, 1990

*Order*

This cause came on November 3, 1989, and came the plaintiff and defendant in person and by counsel, upon appeal of this case to this Court by the defendant from the General District Court of the City of Richmond, and none of the parties demanding a jury for the trial of this matter but agreeing all matters of law and fact might be heard and determined by the Court.

Whereupon, the evidence of the plaintiff and the evidence of the defendant was heard, and upon consideration of the same for the reasons in the Court's letter to counsel

of January 16, 1990, it is ordered that the plaintiff recover and have judgment against the defendant for the sum of $3,103.64 with interest to be computed at the rate of 8% per annum from the date of this judgment until paid, and the costs, if any, about this suit in its behalf expended.

And upon appeal of this case to this Court by the defendant from the General District Court of the City of Richmond, surety bond in the amount of $3,900.00 was deposited to the credit of the Court by the defendant, it is ordered that the clerk deduct the amount of the judgment and any court costs from the amount of the bond credited to the Court and refund the balance, if any, to the defendant.

To which action of the Court the defendant, by counsel, duly objected.

And nothing further remaining to be done herein, it is ordered that this case be stricken from the docket and filed among the ended matters of this Court.

It is so ordered.