## CIRCUIT COURT OF STAFFORD COUNTY

Patricia B. Grant

v.

John Mraz et al.

Case No. L340-89


Fred S. Grant

v.

John Mraz et al.

Case No. L341-89


July 11, 1990


By JUDGE WILLIAM H. LEDBETTER, JR.

The plaintiffs (Grants) sustained bodily injuries in an automobile accident in Stafford County, Virginia, on June 22, 1986. The period of limitations expired on June 22, 1988. Virginia Code § 8.01-243(A). These actions were commenced on June 22, 1989. Under ordinary circumstances, therefore, the Grants' claims would be barred by the statute of limitations, but they argue that the defendants are estopped to assert the bar of statute because of statements made and actions taken by the defendants' insurance carrier during unsuccessful negotiations of these claims.

*Facts*

The facts and circumstances of the accident are not pertinent to a determination of this threshold issue, except that (1) the accident occurred in Virginia and (2) the Grants allege personal injuries resulting from the negligence of the defendants.

The following facts are material to the plaintiffs' contention that the defendants are estopped to plead the statute of limitations.

These claims were first received by the defendants' insurer, The Hartford Insurance Company (Hartford), in its Falls Church office two days after the accident. The file was transferred to the Hartford's Lanham, Maryland, office on July 7, 1986, because the Grants live in Maryland. Linda Viera, a claims representative, handled the claims until she left the company in January of 1987. She made her first contact with the Grants on the day the file was transferred to the Lanham office. Thereafter, she contacted or attempted to contact them on many occasions for the purpose of negotiating a settlement. The Grants refused to settle their claims (although they did settle their property damage claim with their own insurer, GEICO). At some point, in an effort to resolve the matter, Viera sent settlement checks and release forms to the Grants. The checks were not accepted and the releases were not signed. Viera left the company before the file was closed.

From January, 1987, to April 12, 1987, the file lay dormant. Then it was assigned to Sally McGonagal, another claims representative in the Lanham office. McGonagal, too, tried unsuccessfully to settle the claims. In the spring of 1988, she requested and the Grants agreed to an independent medical examination. The IME physician submitted his report to the Hartford on May 17, 1988.

On May 25, 1988, McGonagal wrote to the Grants requesting verified information with regard to lost wages. McGonagal's letter included this statement: "The statute of limitations on this accident expires 6/22/89. Please let me know if you decide to pursue this claim."

Although the Grants apparently transmitted medical reports and other information to McGonagal, the claims were still unresolved on June 22, 1988, when, unknown

to the Grants and McGonagal, the period of limitations expired.

On April 19, 1989, McGonagal wrote again to the Grants. She acknowledged receipt of certain doctors' reports but requested medical bills. "Without all of the proper information, I have no way of evaluating the claim and settling it," she said. "Also, please be . advised that the statute of limitations on this claim runs on June 22, 1989."

A few weeks later, McGonagal received the additional information. She made an offer of settlement. The Grants rejected the offer and consulted an attorney, who filed these actions.

McGonagal does not ·have a law degree. She testified that she told the Grants that they had three years to file actions on their claims because the Maryland period of limitations is three years, and she was not aware that the Virginia statute was different. She alerted the Grants to the statute of limitations because the claims were getting old, the Grants were not "attorney represented," and she wanted to avoid a "bad faith claim."

Q.   So this was to inform them of when the statute would have run?
A.   Right.
Q.   To let them know when they would have had to have made their claim by [sic]?
A.   That is correct.
Q.   Do you have any reason to believe that they did not rely on that letter and your representation as to the statute of limitations?
A.   No.

Transcript of depositions 9/13/89, pp. 25-26.

Further, at an ore tenus hearing on this matter on June 4, 1990, McGonagal testified that she made the statements about the statute of limitations because her supervisor told her to alert the Grants to the period of limitations, and she did so on the assumption that the Grants would rely on it.

*Decision*

There are no Virginia decisions on point. The plaintiffs rely on *Sadler v. Marsden*, 160 Va. 392 (1933); the defendants contend that this case is controlled by the holding in *Boykins Narrow Fabrics Corp. v. Weldon Roofing*, 221 Va. 81 (1980).

*Boykins* involved a leaky roof, for which the plaintiff eventually sued the defendant after years of negotiations and attempted repairs. During the time the defendant was trying to repair the roof, the period of limitations expired. In a third amended pleading, the plaintiff alleged that the defendant was estopped to plead the statute of limitations because of fraud. The Court found no fraud. The Court said that fraud, in the context of equitable estoppel to plead the statute, does not include "constructive fraud"; rather, the fraud must be of a variety involving moral turpitude.

That case is distinguishable from the case at bar in two significant respects.

First, the plaintiff in *Boykins* alleged and attempted to prove fraud. The Court held that the evidence failed to establish that the defendant, who had made many attempts to repair the roof, had lulled the plaintiff into inaction by trick, artifice, or deception. The defendant had never said anything to the plaintiff about the statute of limitations. There were no representations or discussions about legal claims, lawsuits, or time limitations. Here, the Grants do not rely on fraud. Instead, they point to express and specific declarations in McGonagal's letters, combined with other actions and conduct.

Second, in *Boykins* the plaintiff contended that the defendant had concealed the cause of action. In finding that the defendant had not concealed anything about the cause of action, the Court observed that both parties had the same means of ascertaining the truth, i.e., the cause of the leaks, and that there was no evidence that the defendant had intended to defraud the plaintiff by concealing the cause of action. *See also Culpeper National Bank v. Tidewater Improvement Co.*, 119 Va. 73 (1916); *Richmond Redevelopment & Housing Authority v. Laburnum Construction Corp.*, 195 Va. 827 (1954). This case does not involve a claim of concealment of a cause of action.

Thus, the *Boykins* court's finding that intentional conceal- ment, i.e., actual fraud, is necessary to toll or bar the statute of limitations, is inapposite here. The Grants make no claim that the defendants concealed their cause of action.

In *Sadler*, the plaintiff sued on a promissory note. He had given the note to the defendant upon the defendant's assurance that he would renew the note and satisfy it, whereas the defendant actually burned the note and trans- ferred the security to another. In holding that the defen- dant was estopped to plead the statute of limitations, the court relied upon the false promises and representations of the debtor which misled the creditor and induced him to refrain from instituting proceedings to protect his rights. Quoting earlier authorities, the Court said that if a defendant intentionally *or negligently* misleads his creditor and induces him to refrain from bringing suit within the statutory period, estoppel applies. It is not necessary, the Court said, that the debtor intend to defraud or deceive the creditor who acts upon the representations in good faith.

*Boykins* concerned concealment of a cause of action. *Sadler* involved misrepresentations regarding the debtor's intentions and undertakings to satisfy the obligation.

*Boykins* did not overrule *Sadler*. In the opinion of this Court, the principles enunciated in *Boykins* do not require a showing of actual fraud in cases where, as here, concealment of a cause of action is not involved and the defendant has made specific representations regard- ing the time within which a claim can be asserted.

In this case, the Hartford specifically declared to the Grants that they had until June 22, 1989, to insti- tute legal proceedings on their claims. The statement was made, and repeated, with the intent that the Grants rely on it and with the knowledge that the Grants, unrepre- sented by legal counsel, probably would rely on it. The Grants had no reason to believe that the statement was untrue and had every reason to assume that the Hartford, possessing superior knowledge of such matters, knew the truth. That the Grants believed and relied upon the state- ment is evidenced by their cooperation in undergoing an IME and submitting information to the Hartford, at the request of the Hartford, on the eve of the expiration

of the two-year period of limitations, and by their continued settlement discussions with the Hartford through the first part of June, 1989.

Clearly, the Hartford misled the Grants, not by mere silence or ambiguous behavior, but by express and specific representations calculated to induce the Grants to rely on them and to refrain from bringing suit within the statutory period. The Grants acted on these misleading and false representations in good faith. No one claims that the Hartford committed an actual fraud. Nothing in the evidence suggests that McGonagal knew the truth and lied or engaged in trick or artifice. Nonetheless, it would be unconscionable and inconsistent with the principle of estoppel, as explained in *Sadler*, to permit the insurance carrier for the defendants to specifically and deliberately, though mistakenly, represent to an uncounselled claimant that a three-year period of limitation applies, and to work with the claimant toward a settlement during that entire three-year period, only to assert the bar of a two-year statute of limitations when settlement negotiations prove unsuccessful.

Finally, the defendants assert that even if the Hartford would be estopped to plead the statute, the defendants themselves (i.e., the insureds) are not. Counsel for the defendant raised this issue in argument at the ore tenus hearing on June 4, 1990, but did not elaborate on it in his memorandum. It is axiomatic that an insurer under a policy of automobile liability insurance has specific authority to defend and to negotiate settlements of claims against the insured. It is obvious that such is the case here, and that McGonagal was acting within the scope of the Hartford's agency in making the representations to the Grants and in taking the other actions she took in connection with these claims.

## Conclusion

The defendants are estopped to plead the two-year statute of limitations with respect to these claims. The plea is overruled and denied, and the cases will be placed on the trial docket.