## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

NationsBank of Virginia, N.A.

v.

Charles Mitchell Toms, Jr.,
and Lynn P. Toms

July 28, 1992

Case No. (Civil) 5088

BY JUDGE J. MICHAEL GAMBLE

I will first take up the issue of the affirmative defense of estoppel. In this regard, I granted the motion to strike of the Plaintiff to strike the affirmative defense of estoppel in this case. I granted, however, the Defendant the right to submit a memorandum and cases on this issue. The Defendant has furnished a memorandum on this issue and also amended its affirmative defense of estoppel. Further, the Defendant furnished the Court with a copy of this amended affirmative defense of estoppel. The Court will consider the motion to strike of the Plaintiff with respect to the amended affirmative defense of estoppel.

In this regard, the Court still grants the Plaintiff's motion to strike the affirmative defense of estoppel even in light of the amended affirmative defense. This is because the Defendant has failed to allege and plead facts upon which the estoppel could be based. There are six factors which must be pleaded and proved in order to constitute estoppel. *See*, 7 Am. Jur. 2d *Estoppel* § 16 and *Boykins Corp. v. Weldon, Inc.*, 221 Va. 81, 86, 266 S.E.2d 887 (1980). The Court will consider each of these factors in light of the amended pleading that is filed.

First, there must have been a representation or concealment of material facts. In her affirmative defense of estoppel, Ms. Toms fails

to allege that the bank even addressed the guaranty. It only addressed her liability on "any debt owed to the bank by Charles Mitchell Toms, Jr."

Next, there must be a representation or concealment with knowledge of the true state of facts. Again, Ms. Toms does not allege that she inquired specifically about the guaranty. She only inquired about her "liability for the note."

Third, the party to whom the representation was made must have been ignorant of the truth of the matter. In this regard, Ms. Toms signed the guaranty and therefore is charged with knowledge of the guaranty. Ms. Toms cannot claim ignorance of the true state of facts when she signed the guaranty. *Lindsay v. James*, 188 Va. 646, 659, 51 S.E.2d 326 (1949).

Fourth, the representation must have been made with the intention that the other party should act on it. In this regard, Ms. Toms did not advise the unnamed representative of the bank to whom she talked that she was in the process of the divorce and that she was going to rely upon the action of the bank. Therefore, the bank could not have made the representation with the intent that she act on it.

Fifth, the representation must have been proved to have been an inducement to action by the other party. Again, Ms. Toms did not advise the bank of the purposes of her inquiry so there could not have been any inducement by the bank for her to take any action in her divorce matter.

Sixth, the party claiming the estoppel must have been misled to his or her injury. In this regard, Ms. Toms does not allege any specific injury except to say that she may have negotiated her divorce differently. There is no specific allegation of injury.

Under the above circumstances, the plea of estoppel as an affirmative defense is stricken for failure to allege sufficient facts to constitute an estoppel.

Next, the Court will consider whether or not recoupment may be pleaded. At the hearing on June 22, 1992, the Court sustained the motion of the Plaintiff to strike the counterclaim of recoupment. However, the Court granted the Defendant leave to file an amended recoupment claim. The Defendant has filed an amended counterclaim on recoupment, and the Plaintiff has continued its motion to the amended claim and submitted a memorandum on the amended claim of recoupment. The Court will consider the counterclaim of recoupment in light of the allegations in the amended counterclaim.

The Supreme Court of Virginia has held that to plead recoupment, it must arise out of the same transaction. *City of Richmond v. Telephone Co.*, 205 Va. 919, 925, 140 S.E.2d 683 (1965). The Plaintiff maintains that the claim of the Defendant does not arise under the same transaction because the guaranty was executed in 1984 and the note upon which the Defendant makes its claim was executed in 1986. The Court believes that the Plaintiff construes recoupment too narrowly. It is clear that the guaranty and the promissory note are related documents in this transaction, and therefore, at least on the face of the pleadings, they arise out of the same transaction. Also, the Plaintiff asserts that the promissory note is a sealed instrument, and therefore, there could be no recovery in recoupment. *City of Richmond v. Telephone Co.*, *id.*, at 925. The Court cannot agree with this argument because the requirement that instruments be under seal has for all purposes been abolished in the State of Virginia. This is really a form over substance issue. 16 M.J., *Seals and Sealed Instruments*, § 1.

The Plaintiff also argues that Ms. Toms is not an applicant under the Federal Equal Credit Opportunity Act. The Court believes that this is a factual issue which must be resolved at trial or after discovery has been further developed. Accordingly, the motion to strike the claim of recoupment is not sustained.