Amanda C. RICHARDS, et al., Plaintiffs,

v.

FAIRFAX COUNTY SCHOOL BOARD,
et al., Defendants.

Civ. A. No. 92-874-A.

United States District Court,
E.D. Virginia,
Alexandria Division.

Sept. 2, 1992.

Thomas L. Patten, Latham & Watkins, Washington, D.C., for plaintiffs Amanda C. Richards, John H. Richards and Patti C. Richards.

Thomas J. Cawley, Hunton & Williams, Fairfax, Va., for defendants Fairfax County, Fairfax County Bd. of Educ., Jean Howery, Coordinator of Sp. Educ. for Area II, Sue Couper, Specialist, Contract Services, June Q. Price, Beatrice H. Cameron, Asst. Superintendents, Robert R. Spillane, and S. John Davis, Div. Superintendents, Fairfax County Public Schools.

Virginia Rose Manhard, Office of Atty. Gen., Richmond, Va., for defendants Bd. of Educ. of Com. of Va. and Joseph A. Spagnolo, Jr., Superintendent of Public Instruction, Va. Dept. of Educ.

## MEMORANDUM OPINION

RICHARD L. WILLIAMS, District Judge.

This case is before the Court on the defendants' motion to dismiss the complaint, pursuant to Fed.R.Civ.Proc. 12(b)(6). The defendants allege that the relief sought by the plaintiffs is barred by the applicable statutes of limitation. For the reasons set forth below, the Court agrees and grants the motion to dismiss.

### Factual Background

A. Allegations of Underlying Complaint

Plaintiff Amanda Richards is a resident of Fairfax County, Virginia, who suffers from severe learning disabilities. Because of her disability and as a resident of Fairfax County, Amanda is entitled under the Education for All Handicapped Children Act of 1975, as amended (renamed the Individuals with Disabilities Education Act but hereinafter referred to as the "EHA"), 20 U.S.C. §§ 1400–85, and under Virginia law, Va.Code Ann. §§ 22.1–213 to 22.1–221, to receive a "free appropriate public education" within the meaning of the EHA from Defendant Fairfax School Board ("FCSB"). Specifically, the plaintiffs (Amanda's parents are also plaintiffs in this action) allege that when the defendants awarded Amanda her high school diploma on June 15, 1989 and informed Amanda and her parents that their obligation to provide her with special education services had terminated, that they violated their duty under law to provide Amanda with a free appropriate public education. Essentially, they claim that Amanda was not ready to graduate and that the defendants only promoted her to discharge their obligation to continue her education.

Amanda and her parents further contend that the defendants failed to satisfy their duties, pursuant to 20 U.S.C. § 1415 and the Virginia Regulations Governing Special Education (the "Virginia Regulations"), to provide them with adequate notification and procedural mechanisms to challenge the change in Amanda's placement and the concurrent cessation of her special educational benefits.

The plaintiffs' complaint makes six claims for relief. The first two seek redress under Va.Code Ann. § 22.1–214 A and Section II.B.1 of the Virginia Regulations on the ground that Amanda was allegedly eligible for up to two more years of a free appropriate public education at the time she was "wrongfully" graduated at age 20. The third and fourth claims for relief assert a violation of the EHA on the basis of the defendants' alleged failure to comply with statutorily mandated procedural requirements before graduating Amanda. Counts One and Three have been brought against the FCSB and its employees, while the second and fourth, seeking essentially the same relief, are against the Virginia Board of Education and Joseph A. Spagnolo, Jr., Superintendent of Public Instruction for the Virginia Department of Education. The plaintiffs allege, in their fifth claim for relief, that the FCSB and its employees violated the Rehabilitation Act, 29 U.S.C. § 794 (the "RHA"), by graduating Amanda and terminating her special education in purported violation of applicable state and federal law. Finally, the sixth claim for relief charges the FCSB's employees with violating 42 U.S.C. § 1983 by graduating Amanda in violation of EHA procedure with callous disregard for Amanda's rights.

B. Summary of Events Relating to Statute of Limitations Dispute

The plaintiffs admit that they knew as early as August 1988 that Amanda was going to graduate in June of the following year. (Am.Compl. at para. 54). They allege, however, that they did not know at that time, or even upon being informed by the FCSB at the time of Amanda's graduation that her benefits were being terminated, that high school graduation constituted a "change in educational placement" that triggered certain procedural safeguards under federal and state law.

The plaintiffs contend that they did not discover that their procedural rights had been violated until November 23, 1990,

when they received a letter from the Assistant Secretary of the United States Department of Education which explicitly stated that high school graduation is considered a "change in placement" subject to certain EHA procedural safeguard provisions. (*Id.* at para. 76).

On February 23, 1991, Amanda's mother filed an administrative complaint with the Virginia Department of Education ("VA DOE"), pursuant to the Education Division General Administrative Education Regulations ("EDGAR"), 34 C.F.R. § 76.780 (and Section II.B.3 of the Virginia Regulations), against the Fairfax County Public Schools ("FCPS"). Plaintiff Patti Richards requested that the VA DOE "[i]mmediately take whatever action is necessary to ensure that FCPS complies with all process and procedural safeguards required by state and Federal law and regulations in the matter of [Amanda's] graduation." (*Id.* at para. 79). The VA DOE, on June 20, 1991, issued a Letter of Findings stating that the FCPS had, in fact, complied with both state and federal law when it terminated special education benefits to Amanda in June 1989.

The plaintiffs brought this action on June 19, 1992.

*Legal Analysis*

A. The EHA and Parallel State Law Claims are Time Barred by the Applicable Statutes of Limitations

1. *The EHA Claims are Time Barred*

The appropriate period of limitations for actions brought under the EHA is one year. *Schimmel v. Spillane*, 819 F.2d 477, 482–83 (4th Cir.1987). None of the parties in this action debate the applicability of this one-year limitations period; their dispute revolves around when the cause of action accrued and, thus, when the limitations period began to run.

Federal law determines accrual of a federal action, even if the statute of limitations is borrowed from state law. *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975).[1] The general rule under federal law

---

1. The *Schimmel* Court borrowed the one-year statute of limitations from Va.Code Ann. § 8.01–

248, which provides the limitations period for all personal actions when a specific time frame

is that EHA claims "accrue when the parents know of the injury or the event that is the basis for their claim." *Hall v. Knott County Bd. of Educ.*, 941 F.2d 402, 408 (6th Cir.1991), *quoting,* J. Wegner, "Educational Rights of Handicapped Children," 17 J. Law & Educ. 625, 654 (1988), *cert. denied,* —— U.S. ——, 112 S.Ct. 982, 117 L.Ed.2d 144 (1992). The cause of action accrues when the plaintiffs learn of the injury, "whether or not they [know] the injury [is] actionable." *Id.* at 409. Ordinarily, the limitations period would run from the date of an administrative due process hearing decision. 20 U.S.C. § 1415(e)(2). The plaintiffs, however, have never requested a due process hearing, and admit in their amended complaint that they did not exhaust the administrative remedies provided for in 20 U.S.C. § 1415 because "such exhaustion would have been futile." (Am. Compl. at para. 102).[2] Since the plaintiffs chose not to avail themselves of the administrative remedies provided for in the EHA, the statute of limitations began to run on their claim at the time it accrued.

The *injury* alleged in this case is premature denial of special education benefits and the failure to provide certain procedural safeguards prior to that denial. The plaintiffs knew of the facts that gave rise to this injury, whether or not they knew they were actionable, on June 15, 1989, when the FCPS informed Amanda's parents that she would no longer receive special education services. On November 23, 1990, when they received a letter from the Assistant Secretary of Education informing them that the FCPS had not complied with federal law, the plaintiffs may have for the first time definitively learned that their injury was redressable at law, but they had long since known of the injury itself. This lawsuit was not filed until June 19, 1992, over three years from the date that the

plaintiffs first learned "of the injury or the event that is the basis for their claim"—the denial of further benefits to Amanda. Thus, Claims for Relief 3 and 4 in the Amended Complaint are barred by the one-year statute of limitations set forth by *Schimmel, supra,* for evaluating the timeliness of EHA claims.

### 2. The Parallel State Law Claims are Time Barred

The plaintiffs also allege that the defendants failed to comply with the Virginia Regulations when they issued a diploma and ceased offering special education services to Amanda on June 15, 1989. The Regulations contain a one-year statute of limitations for filing a lawsuit in either federal or state court, after available administrative remedies have been exhausted. (Virginia Regulations at § 3.5A.11b). Since, as noted above, the plaintiffs chose not to exhaust their administrative remedies, this one-year period is properly measured from the time the cause of action accrued. Certainly, a party which fails to exhaust its administrative remedies should not be permitted to fare better under the statute of limitations than one who utilizes the administrative mechanisms put at her disposal to the fullest extent possible.

Under Virginia law, a cause of action accrues on the date that the party has a right to bring the asserted action. *Boykins Narrow Fabrics Corp. v. Weldon Roofing & Sheet Metal, Inc.*, 221 Va. 81, 266 S.E.2d 887, 889 (1980). Ignorance of the legal right to sue does not generally prevent the limitations period from running. *Page v. Shenandoah Life Ins. Co.*, 185 Va. 919, 40 S.E.2d 922, 926–27 (1947). Thus, because the plaintiffs' cause of action accrued on June 15, 1989 and because this lawsuit was not filed until more than a year after that date, the statute of limita-

---

is not provided by the statute creating the cause of action.

**2.** Several courts have held that district courts have the authority to grant relief in lieu of exhaustion if pursuit of administrative remedies would be "futile or inadequate." *See Smith v. Robinson,* 468 U.S. 992, 1014 n. 17, 104 S.Ct.

3457, 3469 n. 17, 82 L.Ed.2d 746 (1984). Since, for purposes of resolving this motion, the allegations of the complaint must be taken as true, *Adams v. Bain,* 697 F.2d 1213, 1216 (4th Cir. 1982), the Court assumes without deciding that exhaustion would have been futile.

tions bars relief under Claims for Relief 1 and 2 of the Amended Complaint.

### 3. Plaintiffs' Attempts to Characterize This Action as an Administrative Appeal are Without Merit

■ Despite the plaintiffs' admission in their Amended Complaint that they failed to exhaust their administrative remedies, they now assert that by writing a letter of complaint to the Virginia Department of Education requesting an investigation, pursuant to the Education Division General Administrative Education Regulations ("EDGAR"), 34 C.F.R. § 76.780, they have in fact adequately pursued administrative relief, such that the limitations period should have begun to run on June 20, 1991, when that complaint was resolved. This contention is without legal merit.

The EHA and Virginia Regulations create an extensive system for the administrative hearing of claims alleging the denial of a free appropriate public education. 20 U.S.C. § 1415; Va.Code Ann. § 22.1-214. These statutes provide for a formal, adjudicatory hearing before an impartial hearing officer, and the right of parties aggrieved by the outcome of the hearing process to appeal to federal or state court. *Id.* The plaintiffs elected not to avail themselves of these administrative procedures. Rather, over 21 months after Amanda's graduation, they initiated an unrelated administrative complaint process pursuant to EDGAR. Not only is this procedure nowhere set forth in the EHA, but it is different in purpose, scope and procedure from the administrative relief provided for under the statute, and provides no statutory entitlement to sue a local school system, or its officials, in federal court.

The United States Supreme Court has held that the EHA is a comprehensive statute in which "Congress intended handicapped children with constitutional claims to a free appropriate education to pursue those claims through the *carefully tailored administrative and judicial mechanism set out in the statute." Smith v. Robinson,* 468 U.S. 992, 1009, 104 S.Ct. 3457, 3467, 82 L.Ed.2d 746 (1984) (emphasis added) (discussing the relation between Section 1983 claims and claims made under the EHA). The plaintiffs' attempt to "exhaust" its administrative remedies by way of a fundamentally different procedure not provided for in the statute cannot be reconciled with this language. The EDGAR complaint mechanism does not provide the "carefully tailored administrative and judicial mechanism," specifically noted by the *Smith* Court, that the due process procedure provided for in the EHA does. If the plaintiffs are deemed to have exhausted their remedies under the statute simply by resorting to EDGAR procedures, the appeals process set forth in the EHA will be entirely frustrated. Plaintiffs will be able to bypass the carefully constructed requirements of the statute and receive judicial review of stale claims simply by drafting a letter of complaint to the State Department of Education. The administrative procedure called for before receiving judicial review specifically contemplates a full administrative hearing before a hearing officer which serves to create an evidentiary record for the federal court to review. *Doyle v. Arlington County Sch. Bd.,* 953 F.2d 100, 105 (4th Cir.1991); *see also David D. v. Dartmouth Sch. Comm.,* 775 F.2d 411, 424 (1st Cir.1985), *cert. denied,* 475 U.S. 1140, 106 S.Ct. 1790, 90 L.Ed.2d 336 (1986) ("[F]or issues to be preserved for review they must first be presented to the administrative hearing officer."). Claims brought via the EDGAR procedure are not brought before a hearing officer and, thus, a record upon which to base judicial review is not created.

Neither of the plaintiffs' theories, the one it pleaded and the one it advances now, rescue their claims from the applicable statutes of limitations. If, as their amended complaint claims, the plaintiffs did not exhaust their administrative remedies, the cause of action is time barred because it accrued on June 19, 1989, almost three years before the complaint in this action was filed. Resort to the procedures for initiating a complaint under the EDGAR procedures, which the plaintiffs now claim is sufficient to exhaust their remedies under the EHA, is not a suitable substitute

for adhering to the detailed and carefully crafted administrative scheme set forth in the statute itself.

## B. The Claim under the Rehabilitation Act is Time Barred

The plaintiffs contend that the two-year limitations period for personal injury actions in Virginia should govern their claim under the Rehabilitation Act, 29 U.S.C. § 794 (the "RHA"). (Mem.Opp. Def's Mot. to Dismiss at 28–30). The defendants argue that the Court should instead use the one-year limitations period contained in the Virginia Rights of Persons with Disabilities Act, Va.Code Ann. §§ 51.5–40 *et seq.*, in accordance with the Western District of Virginia's opinion in *Eastman v. Virginia Polytechnic Inst.*, 732 F.Supp. 665, 666 (W.D.Va.1990), *aff'd*, 939 F.2d 204 (4th Cir. 1991).

 The Court need not resolve this dispute. Even using the limitations period proposed by the plaintiffs, the claim is time barred. A cause of action accrues under federal law when the plaintiff knows or has reason to know of the *injury* which is the basis of the action. *Cox v. Stanton,* 529 F.2d at 50. In particular, "[f]ederal courts generally construe the discovery rule" to mean when "the plaintiff discovers, or in the exercise of reasonable diligence should discover, *the facts giving rise to a claim."* *Hamilton v. 1st Source Bank,* 895 F.2d 159, 163 (4th Cir.) (citations omitted) (emphasis added), *aff'd in part, rev'd in part on other grounds,* 928 F.2d 86 (4th Cir. 1990). Thus, according to the law, the plaintiffs did not have to know that high school graduation is considered a "change in educational placement" for the limitations period to begin running. They only had to know that Amanda was going to graduate and no longer receive special education benefits as a result. The Court holds that the plaintiffs discovered the facts giving rise to their claim in June of 1989 when Amanda received her diploma and was informed that she would no longer receive special education services. Thus the claim under the RHA is barred by either of the parties' proposed statutes of limitation.

## C. The Claim under Section 1983 is Time Barred

 The parties agree that the applicable statute of limitations under Section 1983 is two years. They also agree that a claim under Section 1983 accrues when the plaintiff knows or should have known of the alleged injury, not when she becomes aware that such injury might be redressable under Section 1983. Thus, because the Court holds that their cause of action accrued on June 15, 1989, when Amanda's parents were informed that their daughter would no longer receive special education at public expense, the plaintiffs' Section 1983 claim is time barred, as well.

## Conclusion

The Court is not without compassion for the plaintiffs in this case, but cannot allow them to circumvent the unyielding requirements of the applicable statutes of limitation by characterizing their cause of action as an "appeal" from a state administrative decision wholly unrelated to the administrative requirements of the EHA. Such a theory is contradicted by the plaintiffs' contention in their complaint that they purposefully failed to pursue their administrative remedies under the EHA and, in any event, is without a sound basis in law. Thus, the defendants' motion to dismiss is granted.

It is so ORDERED.