7 F.3d 225
 86 Ed. Law Rep. 610
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Amanda C. RICHARDS; John H. Richards; Patti C. Richards,
Plaintiffs-Appellants,
v.
FAIRFAX COUNTY, Fairfax County Board of Education; The
Board of Education of the Commonwealth of Virginia; Joseph
A. Spagnolo, Jr., Superintendent of Public Instruction,
Virginia Department of Education; Jean Howery, Coordinator
of Special Education for Area II, Fairfax County Public
Schools; Sue Couper, Specialist, Contract Services, Fairfax
County Public Schools; June Q. Price, Assistant
Superintendent, Fairfax County Public Schools; Beatrice H.
Cameron, Assistant Superintendent, Fairfax County Public
Schools; Robert R. Spillane, Division Superintendent,
Fairfax County Public Schools; S. John Davis, Division
Superintendent, Fairfax County Public Schools, Defendants-Appellees.
 No. 92-2270.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 30, 1993.
Decided: September 15, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Richard L. Williams, Senior District Judge. (CA-92-874-A)
 Philip Lance Gordon, Latham & Watkins, Washington, D.C., for Appellants.
 Thomas John Cawley, Hunton & Williams, Fairfax, Virginia, for Appellees.
 Thomas L. Patten, Arne M. Sorenson, Latham & Watkins, Washington, D.C., for Appellants.
 John F. Cafferky, Kimberly A. Newman, Hunton & Williams, Fairfax, Virginia; Mary Sue Terry, Attorney General of Virginia, Joan W. Murphy, Assistant Attorney General, Richmond, Virginia, for Appellees.
 E.D.Va.
 AFFIRMED.
 Before HALL, MURNAGHAN, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Plaintiffs-appellants Amanda C. Richards and her parents, John and Patti Richards, appeal the dismissal of their claims against the Fairfax County School Board, the Virginia Board of Education, the Virginia Superintendent of Public Instruction for the Virginia Department of Education, and various other state and local school officials. The district court concluded that the Richardses' claims under the Education of the Handicapped Act ("EHA"), now known as the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq., and parallel state law claims under Va. Code Ann. §§ 22.1-213 et seq., as well as their claims under the Rehabilitation Act, 29 U.S.C. § 701 et seq., and 42 U.S.C. § 1983, were time-barred by the applicable statutes of limitations. The court specifically found that the Richardses' claims accrued on June 15, 1989, the date they were informed that Amanda would no longer receive special education services and the date on which Amanda received her high school diploma. The Richardses' suit, filed over three years later, therefore, was deemed untimely under the applicable statutes of limitations.
 
 
 2
 The Richardses contend that their claims accrued either on June 20, 1991, the date when they received an adverse ruling on their state administrative complaint, or, alternatively, on November 23, 1990, the date when they received a letter from an Assistant Secretary, United States Department of Education, Office of Special Education and Rehabilitative Services, informing them that a high school graduation would be considered a change in placement for a disabled student and would trigger certain procedural safeguards. Under either scenario, they contend, their claims were timely filed.
 
 
 3
 Because the underlying facts to the instant case have been clearly presented in the district court's opinion, we include only a brief summary. See Richards v. Fairfax County Sch. Bd., 798 F. Supp. 338, 339-40 (E.D. Va. 1992). The Richardses resided at all times relevant to the instant case in Fairfax County, Virginia. As a result of severe learning disabilities, Amanda was entitled to receive from the Fairfax County school system "free appropriate public education" in accordance with the EHA and parallel Virginia law. On or about June 15, 1989, the Fairfax County School Board sent to the Richardses a regular high school diploma for Amanda. According to the amended complaint, at the same time, the Richardses were informed that because their daughter had completed the requirements for a regular diploma, she no longer would be provided with special education services.
 
 
 4
 On June 19, 1992, the Richardses filed suit in federal court against the state and local school boards and various school officials. The Richardses claimed that Amanda was not qualified to be awarded a diploma and that her graduation was therefore improper. According to the amended complaint, the defendants, by improperly terminating Amanda's special education benefits, violated Amanda's right to two more years of free appropriate public education. The Richardses further asserted that the defendants failed to provide them with the minimum required procedural safe guards, including, inter alia, adequate notice advising them of their full procedural rights with respect to Amanda's graduation and the cessation of her special education services and also the opportunity to challenge the school's actions prior to the cessation of Amanda's educational benefits.
 
 
 5
 The primary issue on appeal is the date on which the Richardses' claims accrued. Having reviewed the district court's opinion and considered the parties' briefs and arguments, we agree with the district court that, under the circumstances of the instant case, the appellants' causes of action accrued on June 15, 1989. We therefore affirm the district court's conclusion with respect to the accrual of the Richardses' claims for the reasons stated in its opinion.
 
 
 6
 In light of the June 15, 1989, date of accrual, we further agree with the district court that the appellants' claims are time-barred. We need not resolve the parties' dispute concerning the exact statute of limitations to apply to the EHA, related state law, and Rehabilitation Act claims. Under either a one-year or two-year statute of limitations, which are the only limitations periods the parties contend would apply to the instant case, the Richardses' EHA, state law, and Rehabilitation Act claims would be time-barred because suit was not filed in federal court until June 19, 1992. Likewise, the appellants's 1983 claim is time-barred under the applicable two-year statute of limitations.
 
 
 7
 Accordingly, the judgment of the district court is
 
 
 8
 AFFIRMED.