## CIRCUIT COURT OF FAIRFAX COUNTY

Kneeland

v.

Foster Brothers, Inc.

February 3, 1994

Case No. (Law) 128357

By Judge Michael P. McWeeny

This matter is before the Court on Defendant's Plea in Bar to the statute of limitations. After hearing oral argument, the Court took the case under advisement. The Court has now had the opportunity to review the briefs submitted and the authorities cited. For the reasons set forth below, the Plea in Bar is granted in part and denied in part.

This action concerns the design and construction of a storm water detention pond and drainage system for the Sudley Manor townhomes. The construction at issue has allegedly resulted in repeated flooding of the plaintiff's unit. The Defendant contends that the five-year statute of limitations for property damage provided by Virginia Code § 8.01–243(B) (Michie Supp. 1993) accrued, at the latest, at the time of the first flooding in March 1988. The limitations period had therefore expired before the filing of this action on December 2, 1993.

The Court agrees that any claims based upon tortious acts accruing beyond five years prior to the filing of this action are barred. Therefore, any claims relating to the initial negligent construction of the storm pool are time barred. *See Hampton Roads Sanitation District v. McDonnell*, 234 Va. 235, 239 (1987) (plaintiff's right of recovery is limited by the statute to the damages sustained during the five years immediately preceding the institution of the suit). Similarly, any claim based upon breach of warranty is time-barred.

Insofar as the pleading alleges tortious acts causing damage to property within the five years prior to the filing of the action, however, the

plea in bar is denied. Virginia Code § 8.01–243(B) provides that "every action for injury to property . . . shall be brought within five years after the cause of action accrues." The dispute in the case at hand centers upon whether the tortious injury was continuous or inflicted at intervals, thereby affecting when the cause of action accrued.

The defendant argues that any claim accrued either at the time of construction or at the later time of discovery and existed continuously until the limitations period expired. Defendant relies upon *Boykins Narrow Fabrics Corp. v. Weldon Roofing and Sheet Metal, Inc.*, 221 Va. 81 (1980), for the proposition that intervening efforts to repair the premises do not operate to toll the limitations period based upon equitable estoppel. The court in *Boykins* held that the claim existed continuously from the time it accrued and was therefore time-barred. *Id.* The defendant contends that the claims asserted in the instant case should similarly be barred.

Plaintiff, however, argues that the acts occurred at intervals rather than continuously, thereby permitting acts that took place within the five years prior to the filing of the action to be litigated. *See Hampton Roads Sanitation District v. McDonnell*, 234 Va. 235, 239 (1987); *Norfolk & Western Ry. Co. v. Allen*, 118 Va. 428, 435–36 (1916). The defendant in *Hampton Roads* was alleged to have dumped sewage onto plaintiff's property due to the faulty design and construction of a sewage valve. The court held each discharge of sewage to be a separate actionable event for which the landowner was entitled to seek recovery. Likewise, in the situation at hand, the court finds that each overflow of the drain pool causing flooding inflicted a new injury. Each overflow caused additional damage, thus the initial act did not produce "all the damage that could ever result from it." *Hampton Roads*, 234 Va. at 239. Because the cause of action accrued at intervals, the pleading is not time-barred as to those acts within the five years prior to the filing of the action.

Moreover, the Supreme Court's reasoning in *Boykins* is distinguishable from *Hampton Roads* and the facts of this case. The plaintiffs in the case at hand do not invoke equitable estoppel or contend that the limitations period should have been tolled due to efforts to repair. Rather, plaintiffs assert that because each incident gave rise to a new injury, each incidence also gave rise to a new cause of action from which the limitations period then began to accrue. Therefore, *Hampton*

*Roads* is consistent with the principle espoused in *Boykins* that the statute of limitations begins to run when the right of action accrues.

The pleading is unclear as to the torts claimed and the time they occurred. Therefore, in lieu of waiting for the anticipated request for a bill of particulars, the court grants leave to amend.

In light of the foregoing rulings, the Plaintiff is granted leave to amend within twenty-one days of the entry of the Order.