## CIRCUIT COURT OF AMHERST COUNTY

Connie Rose

v.

Bill Cash

April 14, 2009

Case No. CL07006741

By Judge J. Michael Gamble

I am writing to rule on the plea of the statute of limitations by Bill Cash. The plea of the statute of limitations is sustained, and the case is dismissed.

The accident in this case occurred on February 13, 2006. Initially, Amherst County was named the party defendant. By order dated October 29, 2007, the court dismissed Amherst County on the grounds of sovereign immunity. Further, the court granted leave to the plaintiff to amend the complaint to name John Doe as the defendant. Thereafter, the complaint was amended by order entered on April 21, 2008, to name Bill Cash as the defendant. This order was entered more than two years after the date of the accident.

Under § 8.01-243, there is a two-year statute of limitations for the filing of personal injury actions. Clearly, Bill Cash was named a party more than two years after the date of the accident. The plaintiff, however, maintains that the defendant is estopped from asserting that statute of limitations because Amherst County deliberately concealed information that would identify Bill Cash as the person who violated the duty of care to the plaintiff.

The problem with the position of the plaintiff is that Bill Cash is the defendant. Bill Cash took no action to conceal or falsely represent anything to the plaintiff. In order to constitute estoppel there must be a false representation or concealment of a material fact. *Boykins Narrow Fabrics Corp. v. Weldon Roofing & Sheet Metal, Inc.*, 221 Va. 81, 86, 266 S.E.2d 887 (1980). There is no assertion in the pleadings or the arguments that Bill Cash falsely represented or concealed a material fact.

The plaintiff argues, however, that any actions by Amherst County should be attributed to Bill Cash because their acts of negligence "are virtually identical." The problem with this argument is that neither the equitable defenses of estoppel not laches is available against a local governmental entity that is protected by sovereign immunity. *City of Manassas v. Board of Supervisors*, 250 Va. 126, 132, 458 S.E.2d 568 (1995). As noted above, Amherst County was dismissed from the lawsuit on the basis of sovereign immunity.

Accordingly and in summary, Bill Cash made no concealment or misrepresentation of material fact and Amherst County is not subject to the equitable defense of estoppel in this case.