## CIRCUIT COURT OF LOUDOUN COUNTY

Alfred Ghiorzi
and Mary Ghiorzi

v.

B & B Builders
and Remodelers, Inc., et al.

June 15, 2012

Case No. (Civil) 68466

BY JUDGE THOMAS D. HORNE

This matter came before the Court on June 11, 2012, for a hearing on the defendants' pleas in bar and demurrers. The Court sustained Defendant B & B Builders & Remodelers, Inc.'s demurrer as to Counts IV and V and Defendant Southern Air-Temp Heating & Cooling, Inc.'s demurrer as to Count IV. The Court took the defendants' pleas in bar under advisement. The Court now finds as follows.

Plaintiffs, Alfred and Mary Ghiorzi, entered into a contract with Defendant B & B Builders & Remodelers, Inc. (B & B) on January 23, 2003, to construct a new home, As part of the contract, B & B was to install geothermal HVAC systems. B & B subcontracted the design and installation of the HVAC systems to Defendant Southern Air-Temp Heating & Cooling, Inc. (Southern Air). The Ghiorzis assert in their amended complaint that they "moved into their home in early April 2004 and immediately experienced problems with both HVAC systems." The Ghiorzis then allege numerous problems that they experienced with the HVAC systems throughout the next several years until the main system failed completely in 2009. After Southern Air was unable to correct the problems, the Ghiorzis hired America's Best HVAC, Inc., to resolve the various issues.

The Ghiorzis filed a complaint on July 13, 2011, against B & B and Southern Air, alleging breach of contract/express warranty — failure to perform, unjust enrichment, negligence, and violation of the Virginia Consumer Protection Act. The Court sustained B & B's demurrer as to the negligence claim on December 2, 2011, with prejudice. On February 3,

2012, the Court granted the Ghiorzis leave to file an amended complaint and their amended complaint was deemed filed on that date. In their amended complaint, the Ghiorzis allege breach of contract/express warranty — failure to perform (Count I), unjust enrichment (Count II), negligence (Count III), violation of the Virginia Consumer Protection Act (Count IV), destruction of property by B & B and Southern Air (Count V), and breach of oral contract by B & B (Count VI). Thereafter, B & B filed a plea in bar to Counts I, II, and IV and a demurrer to Counts IV and V, and Southern Air filed a plea in bar to Counts I, II, III, and IV and a demurrer to Count IV.

Having already sustained the demurrers to the amended complaint, the Court is left with ruling on the pleas in bar. The counts at issue have the following statutes of limitations: breach of contract five years; unjust enrichment three years; and negligence, injury to property five years. Each of these causes of action accrued in 2004. Each cause of action would therefore be barred by the statute of limitations, unless the Ghiorzis can successfully invoke the doctrine of equitable estoppel.

In *Brunswick Land Corp. v. Perkinson*, the Virginia Supreme Court explained that:

> It is well settled, and needs the citation of no authority to that effect, that the statute begins to run when the right of action accrues. It is equally well settled that in its terms the statute is absolute, admitting of no exception which itself does not recognize, unless under certain extraordinary circumstances, wherein the positive and plain requirements of an equitable estoppel preclude its application. . . . It is also held that the defendant, who has by affirmative act deprived the plaintiff of his power to assert his cause of action in due season, as by process of injunction, will not be permitted to avail himself of the statute when this obstruction to the plaintiff's action shall have been at length removed.

*Brunswick*, 153 Va. 603, 608, 151 S.E. 138 (1930). In *Boykins Narrow Fabrics Corp. v. Weldon Roofing & Sheet Metal, Inc.*, the Virginia Supreme Court found that equitable estoppel did not apply in a case alleging breach of contract and fraud where the plaintiff "was at no time ignorant of the true state of facts." *Boykins*, 221 Va. 81, 87, 266 S.E.2d 887 (1980). The Court noted that plaintiff said "that it discovered that the roof was faulty as soon as it had been installed" and "that, when the roof was replaced, it discovered the reason for the leakage, a fact that could have been discovered at any time by [the plaintiff]." *Id.* The Court cited the case of *Lindsay v. James*, in which the Virginia Supreme Court stated:

It is essential to the application of the principles of equitable estoppel, . . . that the party claiming to have been influenced by the conduct or declarations of another to his injury, was not only ignorant of the true state of facts, but had no convenient and available means of acquiring such information, and where the facts are known to both parties, and both had the same means of ascertaining the truth, there can be no estoppel.

*Id.* (quoting *Lindsay*, 188 Va. 646, 659, 51 S.E.2d 326 (1949).

The facts in this case are similar to the facts in *Boykins*. The Ghiorzis have asserted that they experienced problems with the HVAC systems immediately upon moving in. Therefore, they knew that the systems were not working correctly as early as 2004 and could have pursued their causes of action within the applicable statutes of limitations. Accordingly, the Court will sustain the defendants' pleas in bar.