Scot MANNING, by his mother and next friend, Betty MANNING, Plaintiff–Appellant,

v.

THE FAIRFAX COUNTY SCHOOL BOARD, Defendant–Appellee,

and

Robert Spillane, Superintendent, Fairfax County Public Schools, Defendant.

No. 96–1107.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 29, 1996.

Decided May 3, 1999.

**ARGUED:** John M. DiJoseph, Sattler & DiJoseph, Arlington, Virginia, for Appellant. John Francis Cafferky, Hunton & Williams, McLean, Virginia, for Appellee. **ON BRIEF:** Thomas J. Cawley, Hunton & Williams, McLean, Virginia, for Appellee.

Before WILKINSON, Chief Judge, and WIDENER and WILKINS, Circuit Judges.

Affirmed by published opinion. Judge WIDENER wrote the opinion, in which Chief Judge WILKINSON and Judge WILKINS concurred.

## OPINION

WIDENER, Circuit Judge:

This dispute arose because the superintendent of Fairfax County Public Schools, in the words of the district court, "allegedly extended ... [a period of] suspension [of Scot Manning] for four days without obtaining an injunction as required by state and federal regulations governing long-term suspensions of handicapped children." Scot Manning was a developmentally disabled special education student. His mother, Betty Manning, complained about this period of suspension under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400 *et seq.*, and her request for a due process hearing was dismissed by the state hearing officer as time-barred under Virginia Code § 8.01–248, a one-year statute of limitations for "every personal action for which no limitation is otherwise proscribed."

His mother and next friend, Betty Manning, then brought this declaratory judgment action against the Fairfax County School Board and Robert Spillane, the school superintendent, seeking a declaration that there is no statute of limitations for administrative hearings under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400 *et seq.* The district court granted the school system's motion to dismiss, and Manning appeals. We affirm.

Scot Manning is in his early twenties and a special education student. From September 1991 through March 1993, he was enrolled at the St. John Davis Vocational Center. Following an alleged series of violent attacks against teachers, maintenance workers, and other students, Scot was suspended for ten days. The suspension originally was to run through March 29, 1993, but the school system extended Manning's suspension from March 29 until April 1 in consideration of Manning's needs and the safety of staff members and other students. On April 1, 1993, Scot was placed with the Northern Virginia Train-

ing Center. Mrs. Manning signed a form indicating her agreement with this placement on May 6, 1993. Scot was later enrolled at the Grafton School, a residential facility, in November 1993.

Mrs. Manning first filed a complaint on Scot's behalf in the United States District Court for the Eastern District of Virginia on July 29, 1994. At that time, she challenged the school system's extension of Scot's suspension and claimed that certain provisions in Manning's individualized education program were not properly implemented. The district court dismissed this action on October 7, 1994 upon finding that the plaintiff had failed to exhaust available administrative remedies.

Mrs. Manning subsequently requested a state-level administrative due process hearing by letter dated January 12, 1995. The school system filed a motion to dismiss the hearing request as barred by the applicable statute of limitations. The state hearing officer, and later the state reviewing officer, held that Virginia's one-year statute of limitations, governing personal actions generally, applied. Va.Code § 8.01–248. They applied that Code section to the request for an administrative hearing. The reviewing officer also found that the filing of Mrs. Manning's federal court action in July 1994 tolled the statute of limitations, allowing Mrs. Manning a due process hearing concerning alleged violations for one year prior to July 29, 1994.

Mrs. Manning then filed the current action in district court on August 24, 1995, seeking a declaratory judgment concerning the statute of limitations. The district court granted the school system's motion to dismiss the complaint, finding that Mrs. Manning's request for an administrative hearing under the IDEA was time barred. Like the state administrative officers, the district court applied the one-year, catch-all statute of limitations of Va.Code § 8.01–248. The court further found that the claims could not have accrued after May 6, 1993. The court thus concluded that the plaintiff's original action was barred because it was filed in July 1994, which was over one year after May 1993.

■ The plaintiff's sole contention on appeal is that the district court erred in applying the one-year statute of limitations to the request for an administrative due process hearing under § 1415(b)(2). The plaintiff argues that the IDEA and its implementing regulations reflect the intent of Congress that no statute of limitations applies. Specifically, the plaintiff relies on the IDEA's lack of an express limitations period. The plaintiff further contends that if a limitations period is to be borrowed, it should be Virginia's five-year limitation for written contracts.

■ We review *de novo* a district court's dismissal under Fed. R. Civ.P. 12(b)(6). *Mylan Laboratories, Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993), *cert. denied,* 510 U.S. 1197, 114 S.Ct. 1307, 127 L.Ed.2d 658 (1994).

This circuit has already held that the limitations period of Va.Code § 8.01–248 applies in the context of judicial appeals from special education due process hearing decisions. *Schimmel v. Spillane,* 819 F.2d 477, 482–83 (4th Cir.1987). In *Schimmel,* we relied on the Supreme Court's reasoning that when a federal statute creates a right of action, but federal law provides no controlling statute of limitations, "the general rule is that a state limitations period for an analogous cause of action is borrowed and applied to the federal claim, provided that the application of the state statute would not be inconsistent with underlying federal policies." *County Of Oneida v. Oneida Indian Nation,* 470 U.S. 226, 240, 105 S.Ct. 1245, 84 L.Ed.2d 169 (1985); *Schimmel,* 819 F.2d at 481. See also *Wilson v. Garcia,* 471 U.S. 261, 266–67, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Campbell v. City of Haverhill,* 155 U.S. 610, 616, 15 S.Ct. 217, 39 L.Ed. 280 (1895). We then affirmed the district court's decision that Va.Code § 8.01–248 was the appropriate limitations period for the state law claim most analogous to the Education

of the Handicapped Act (now the IDEA) and that the limitations period was not inconsistent with the policies underlying the act. *Schimmel,* 819 F.2d at 483.

In this action, however, we must determine the appropriate limitations period, if any, controlling the original administrative due process hearing under the IDEA. This case is one of first impression in this circuit. As yet, only one other court of appeals has directly considered the question which has come to our attention.[1] In *Murphy v. Murphy v. Timberlane Regional School District,* 22 F.3d 1186, 1192 (1st Cir.),*cert. denied,* 513 U.S. 987, 115 S.Ct. 484, 130 L.Ed.2d 396 (1994), the First Circuit determined that New Hampshire's six-year, catch-all limitation applicable to "personal actions" generally was the appropriate statute to be applied in IDEA administrative hearings. The court also concluded that application of this limitation did not conflict with the IDEA's purpose of providing a procedure by which parents and school systems can efficiently resolve disputes over a disabled child's education. *Murphy,* 22 F.3d at 1193–94.

■ We agree with the First Circuit's decision on this issue. A statute of limitations may apply no matter whether proceedings are brought in a judicial forum or in an administrative one. *3M Co. v. Browner,* 17 F.3d 1453, 1457 (D.C.Cir. 1994). We agree with the reasoning of the Court in *Campbell,* as it applied a state statute of limitations in a case of patent infringement: "Unless ... [no statute of limitations] be the law, we have the anomaly of a distinct class of actions subject to no limitation whatever; a class of privileged plaintiffs who in this particular are outside the pale of the law, and subject to no limitation of time in which they may institute their actions." 155 U.S. at 616. The IDEA's lack of an express statute of limitations did not persuade the First Circuit in *Murphy* that no limitations period applied to special education due process hearings, and it does not so persuade us.

■ Plaintiff's alternative argument that Virginia's five-year statute of limitations for written contracts should govern rather than the general one-year limitation is equally unavailing. The applicable version of the catch-all statute provides that "[e]very personal action, for which no limitations is otherwise prescribed, shall be brought within one year after the right to bring such action accrued." Va.Code § 8.01–248 (1992 Repl.Vol.).[2] We have al-

---

1. The Third Circuit has considered the same problem as here and reached the same result, but for a different reason. *Bernardsville Board of Ed. v. J. H., individually, etc., et al.,* 42 F.3d 149 (3rd Cir.1994). In that case, the parents had taken a student out of a public school for which an improper program had been instituted and placed the student in a private school which met the needs of the disabled student. The student was in the private school for three years, and at the end of the second year the parents requested a due process hearing under the statute. Upon a plea of the statute of limitations, the district court rejected a plea of a much shorter statute of limitations, apparently on judicial review of an administrative decision, much as we did in *Schimmel.* See 819 F.2d 477, 479–483. The Third Circuit opinion does not disclose whether this item was appealed, but, in all events, it decided that the request for a due process hearing was subject to the limitation of action that "initiation of review proceedings [be instituted] within a reasonable time,"

42 F.3d 149, 158, and that more than one year delay in the request without a mitigating excuse was an unreasonable delay. 42 F.3d 149, 158. The court of appeals decided the last year of tuition was recoverable but that the first two years were not because of the time limitation of an unreasonable delay of more than a year.

While the precise facts are not stated in the opinion, the case of *Alexopulos, etc., et al. v. San Francisco Unified School District,* 817 F.2d 551 (9th Cir.1987), decided under an earlier statute, is apparently in accord with our decision.

2. Effective July 1, 1995, the General Assembly amended Va.Code § 8.01–248 to provide a two-year limitations period. This amended version applies only to causes of action "accruing on or after July 1, 1995." Va.Code § 8.01–248 (1995 Cum.Supp.). According to the district court's undisputed finding, the plaintiff's cause of action could not have accrued after May 6, 1993. The earlier version

ready held that Va.Code § 8.01–248 provides the appropriate limitation for judicial review actions brought under the IDEA. *Schimmel,* 819 F.2d at 482–83. There is nothing to persuade us that disputes in administrative IDEA proceedings are so different in nature from those in judicial IDEA actions as to justify application of disparate limitations periods.

In *Schimmel,* we also observed that the one-year statute of limitations "strikes an appropriate balance between the need for speedy resolution of disputes and the need to ensure that parties have a fair opportunity to obtain judicial review of administrative due process proceedings." *Schimmel,* 819 F.2d at 483. In this case, we are of opinion that the same one-year limitations period is not so prohibitively short in the administrative hearing context that it undermines the IDEA's policy of providing parents an opportunity to protect their disabled children's educational rights. Accordingly, application of Va.Code § 8.01–248 to requests for administrative due process hearings under the IDEA would not be inconsistent with underlying federal policy.

We thus conclude that the district court correctly applied the statute of limitations found in Va.Code § 8.01–248 to the plaintiff's request for an administrative due process hearing.[3]

The district court's determination that the IDEA claim accrued no later than May 6, 1993, is not challenged and accordingly,

we affirm the judgment of the district court granting the defendants' motion to dismiss.

*AFFIRMED.*

---

of Va.Code § 8.01–248 therefore controls this case.

The language of the New Hampshire statute construed in *Murphy* is indistinguishable, for all practical purposes, from the language we construe here. It follows:

Except as otherwise provided by law, all personal actions, except actions for slander and libel, may be brought only within six years of the time the cause of action accrued.

See 22 F.3d 1186 at 1192.

3. We note in passing that the Court in *Murphy* gave as a reason for its decision that the claim of the student in that case was based exclusively on a course of conduct already

concluded and thus did not implicate an equivalent need for urgent administrative intervention. 22 F.3d at 1191. A similar set of facts applies here in that the action of the School Board complained of was already concluded. In that connection, it is also noteworthy that Fairfax County does not claim that a 30 to 60–day statute of limitations applicable to review by courts of administrative orders should be the limitation of action which should apply here. See Va.Code of 1950 §§ 9–6.14:15 et seq.; Rules of the Supreme Court of Virginia, Appeals Pursuant to the Administrative Process Act, Rules 2A:2, 2A:4.