**PUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

R. R. by and through his father, Mr.
R.,
                    *Plaintiff-Appellee,*

           v.

FAIRFAX COUNTY SCHOOL BOARD,
                    *Defendant-Appellant,*          No. 02-2235

           and

FAIRFAX COUNTY PUBLIC SCHOOLS;
VIRGINIA BOARD OF EDUCATION;
VIRGINIA DEPARTMENT OF EDUCATION,
                    *Defendants.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-02-124)

Argued: June 3, 2003

Decided: July 29, 2003

Before WILKINS, Chief Judge, and WILLIAMS and
GREGORY, Circuit Judges.

---

Reversed and remanded with instructions by published opinion. Judge
Williams wrote the opinion, in which Chief Judge Wilkins and Judge
Gregory joined.

---

## COUNSEL

**ARGUED:** Sona Rewari, HUNTON & WILLIAMS, McLean, Virginia, for Appellant. Melanie Diana Coates, WILMER, CUTLER & PICKERING, McLean, Virginia, for Appellee. **ON BRIEF:** Thomas J. Cawley, HUNTON & WILLIAMS, McLean, Virginia; John F. Cafferky, BLANKINGSHIP & KEITH, Fairfax, Virginia, for Appellant. David P. Donovan, WILMER, CUTLER & PICKERING, McLean, Virginia, for Appellee.

---

## OPINION

WILLIAMS, Circuit Judge:

This case presents the issue of whether the Individuals with Disabilities Education Act (IDEA) requires an educational agency to include in its procedural safeguards notice, mandated by 20 U.S.C.A. § 1415 (West 2000), an explicit statement that parents in Virginia have a two-year period in which to request a due process hearing and to indicate when that period begins to run. Because we find that requirement neither explicit in the IDEA or its implementing regulations, nor required by the policy and spirit of the IDEA, we reverse the district court and remand with instructions to dismiss.

### I.

R.R. is an eight-year-old child who lives in Fairfax County, Virginia, and has been diagnosed with autistic spectrum disorder.[1] On October 9, 1997, Fairfax County Public School Board (Fairfax County) found R.R. eligible for special education services. From November 4, 1997, through the end of the school year in 1998, R.R. attended a class-based, non-categorical program[2] for autistic children at Greenbriar East Elementary School.

---

[1]Autistic spectrum disorder, also known as autism or ASD, is a complex and variable developmental disability, which occurs as the result of disordered brain development and function, altering the child's quality of development in the areas of communication, social interaction, and imagination skills.

[2]Class-based, non-categorical programs generally involve classes of approximately eight children with a teacher and an instructional assistant

In June 1998, Fairfax County proposed an individualized education program (IEP) for R.R. that continued the class-based, non-categorical program, adding only limited supplemental speech, language, and occupational instruction. Mr. R., R.R.'s father, was not satisfied with the IEP and requested that Fairfax County provide R.R. with intensive one-to-one Applied Behavioral Analysis training, an alternative educational method for autistic children. Fairfax County refused to incorporate Mr. R.'s educational ideas and, by letter dated July 29, 1998, Mr. R. rejected the proposed IEP. On July 30, 1998, Fairfax County responded, explaining why it had refused Mr. R.'s request for accommodation, and provided Mr. R. with a notice of his right to appeal its decision, by requesting a due process hearing or an administrative appeal, along with a pamphlet outlining the procedural remedies available to parents who disagree with IEP decisions under the IDEA. Although the letter went into detail about Mr. R.'s procedural rights, neither it nor the enclosed pamphlet informed Mr. R. of any limitations period that might be applied to Mr. R.'s right to request a due process hearing or when that limitations period would begin.

By letter dated August 7, 1998, Mr. R. withdrew R.R. from the Fairfax County public schools because Fairfax County refused to agree to his proposals. Mr. R. further informed Fairfax County that he would "continue to pursue all appropriate and legal means at [his] disposal to seek the compliance of [Fairfax County] with the law with respect to [his] son's education." (J.A. at 55.) On August 28, 1998, Fairfax County replied to Mr. R.'s letter, reminding him that he had "the right to appeal the contents of the IEP either through an administrative review or an impartial due process hearing" and enclosing a second copy of the procedural safeguards required by the IDEA. (J.A. at 56.) This letter also did not notify Mr. R. of any applicable limitations period. Mr. R. did not immediately request a due process hearing or an administrative review but simply enrolled R.R. in a private school program for autistic children, paying for it himself.

and a home resource program. The class-based program generally includes a mixture of small group activities, large group activities, as well as one-to-one activities. The home resource program involves teachers working with the children in their homes with parental participation.

On January 29, 2001, over twenty-nine months after Mr. R. rejected Fairfax County's proposed IEP and removed R.R. from the Fairfax County public schools, Mr. R. filed a request for a due process hearing, requesting reimbursement for R.R.'s private tuition expenses. Fairfax County moved to dismiss Mr. R.'s request as time-barred under Virginia's two-year limitations period, Va. Code Ann. § 8.01-248 (Michie 2000), and under the doctrine of laches. Mr. R., in response, argued that Fairfax County could not rely on the two-year limitations period because Fairfax County failed to notify Mr. R. of the limitations period and, alternatively, that Mr. R.'s claim did not accrue until the summer of 1999 when Mr. R. actually paid for R.R.'s private educational expenses. The administrative hearing officer agreed with Fairfax County, holding that Fairfax County had provided Mr. R. with a full explanation of his procedural rights under the IDEA and that Fairfax County was not required under the IDEA to notify Mr. R. of the limitations period applicable to due process hearings. The hearing officer further held that Mr. R.'s claim accrued by August of 1998, because that is when Mr. R. had knowledge of the events that formed the basis of his claim, and thus that Mr. R.'s request for a due process hearing was time-barred under Virginia's two-year limitations period.

On January 25, 2002, Mr. R. filed a two-count complaint for declaratory and injunctive relief in the District Court for the Eastern District of Virginia challenging the hearing officer's decision, arguing that his claims for tuition reimbursement were not time-barred because Fairfax County failed to notify him of the applicable limitations period (Count I), and that his claims were not time-barred because they did not accrue until he had fully paid the private educational costs (Count II).

On October 11, 2002, the district court granted summary judgment to Mr. R., reversing the hearing officer on Count I, and holding that the limitations period was equitably tolled by Fairfax County's failure to provide notice of the two-year limitations period pursuant to the IDEA's implicit requirement that educational agencies give notice of all applicable limitations periods. *R.R. ex rel. Mr. R. v. Fairfax County School Bd.*, 226 F. Supp. 2d 804, 808 (E.D. Va. 2002). Given its disposition of Count I, the district court found Count II to be moot. *Id.* at 810 n.6. Fairfax County timely noted its appeal.

## II.

Fairfax County contends that the district court erred because (1) the text of the IDEA does not mandate that educational agencies give notice of the limitations period for requesting a due process hearing or its accrual date; and (2) the Fourth Circuit has already held that the IDEA does not require educational agencies to provide notice of the applicable limitations period when that time frame is longer than four months. R.R. responds that the district court correctly held that the IDEA implicitly requires notice to ensure that parents have a meaningful opportunity to be heard.

It is important to note that the IDEA itself contains no limitations period for requesting due process hearings.[3] At the time the IDEA was enacted, if a federal statute created a cause of action but provided no limitations period, "the general rule [wa]s that a state limitations period for an analogous cause of action is borrowed and applied to the federal claim, provided that the application of the state statute would not be inconsistent with underlying federal policies." *County of Oneida v. Oneida Indian Nation*, 470 U.S. 226, 240 (1985). In *Schimmel ex rel. Schimmel v. Spillane*, 819 F.2d 477, 482-83 (4th Cir. 1987), we analyzed analogous limitations periods in Virginia and held that the then one-year limitations period in Va. Code § 8.01-248 was consistent with IDEA policies and that it applied in the context of civil actions filed by parties aggrieved by due process hearing decisions. We later held in *Manning ex rel. Manning v. Fairfax County Sch. Bd.*, 176 F.3d 235, 238-39 (4th Cir. 1999), that the same one-year limitations period was consistent with IDEA policies in the context of requests for due process hearings.[4] While we have decided the question of which limitations period to apply, we recognized in *CM*

---

[3]Because the causes of action created under the IDEA preceded the enactment of 28 U.S.C.A. § 1658 (West 1994 & Supp. 2003), the IDEA is unaffected by that section's establishment of a four-year limitations period for federal causes of action lacking a specific limitations period. *Id.*

[4]The General Assembly amended Va. Code § 8.01-248 to provide for a two-year limitations period for claims "'accruing on or after July 1, 1995.'" *Manning v. Fairfax County Sch. Bd.*, 176 F.3d 235, 238 n.2 (4th Cir. 1999) (quoting Va. Code § 8.01-248 (1995 Cum. Supp.)).

*ex rel. EM v. Bd. of Ed. of Henderson County*, 241 F.3d 374 (4th Cir. 2001), that we had not decided the issue presented in this case: Whether the IDEA "requires educational agencies to inform parents of the applicable limitations period," *id.* at 382 n.4. In this case, the district court resolved that issue in the affirmative.

We review a district court's grant of summary judgment de novo. *Gadsby ex rel. Gadsby v. Grasmick*, 109 F.3d 940, 949 (4th Cir. 1997). Summary judgment should be granted if, viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-52 (1986). The facts in this case are not in dispute. Thus, the sole legal issue is whether the IDEA and its implementing regulations require educational agencies in Virginia to provide notice of the limitations period applicable to requests for a due process hearing. As explained below, we believe that the district court erred in concluding that it does.

A.

To determine whether the IDEA or its implementing regulations require that notice be given of a limitations period applicable to a due process hearing, we begin, as we must, with the text. *United States v. Ron Pair Enters. Inc.*, 489 U.S. 235, 240 (1989) ("[When] the statute's language is plain, the sole function of the courts is to enforce it according to its terms." (citation and quotation marks omitted)). Only if the text of the statute is ambiguous or if the statutory scheme is inconsistent or incoherent need we inquire further. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997) ("[Our] inquiry must cease if the statutory language is unambiguous and 'the statutory scheme is coherent and consistent.'" (quoting *Ron Pair Enters.*, 489 U.S. at 240)). If a statute is ambiguous, "the question for the court is whether the [implementing regulation] is "based on a permissible construction of the statute." *Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843 (1984).

The IDEA and its implementing regulations require that parents of a disabled child be notified of many procedural safeguards upon an initial referral for evaluation, each notification thereafter, and upon

the filing of a complaint under the IDEA. *See*, *e.g.*, 20 U.S.C.A. §§ 1415(h) (listing various safeguards, such as right to an attorney); 1415(i) (listing safeguards, such as right to an appeal, to bring a civil action, and to attorneys' fees); 34 C.F.R. § 300.504(b) (listing categories of safeguard regulations that must be provided to parents by educational agencies). Neither the IDEA nor the implementing regulations, however, contains any specific requirement that educational agencies provide notice of the limitations period applicable to due process hearings. The IDEA's "Procedural safeguards notice" provision, § 1415(d), states, in relevant part, that

> (2) The procedural safeguards notice shall include a full explanation of the procedural safeguards, written in the native language of the parents, unless it clearly is not feasible to do so, and written in an easily understandable manner, *available under this section and under regulations promulgated by the Secretary* relating to—
>
> (J) due process hearings, including requirements for disclosure of evaluation results and recommendations[.]

20 U.S.C.A. § 1415(d)(2)(J) (emphasis added). Thus, the text of § 1415(d)(2)(J) only requires an educational agency to provide "a full explanation" of those procedural safeguards that are "available under [section 1415]" or the "regulations promulgated by the Secretary" that relate to due process hearings. Contrary to R.R.'s assertion, § 1415(d)(2)(J) does not require an educational agency to provide "a full explanation of procedural safeguards" that relate to due process hearings but are *not* specified under § 1415 or that have *not* been promulgated by the Secretary.

The regulations promulgated by the Secretary contain similar language. Section 300.504 of Part 34 of the C.F.R. specifically directs what the procedural safeguards notice must contain. In relevant part, the regulation states:

> (b) *Contents.* The procedural safeguards notice must include a full explanation of all of the procedural safeguards *available under §§ 300.403, 300.500-300.529, and 300.560-*

*300.577, and the State complaint procedures available under §§ 300.660-300.662* relating to—

(10) Due process hearings, including requirements for disclosure of evaluation results and recommendations[.]

34 C.F.R. § 300.504(b)(10) (emphasis added). As with § 1415(b)(2)(J), this regulation mandates that educational agencies provide notice *only* of all procedural safeguards available under the enumerated regulations and the complaint procedures.

Nowhere in 20 U.S.C.A. § 1415, nor in 34 C.F.R. §§ 300.403, 300.500-300.529, 300.560-300.577, 300.660-300.662, does Congress or the Secretary mandate that educational agencies inform parents of any procedural rules outside of those provided for in § 1415 or the regulations, and nowhere do these provisions mention limitations periods applicable to due process hearings.[5] Because the statutory language is clear and the statutory scheme is consistent and coherent, we need look no further in our analysis of the IDEA. *See Shell Oil*, 519 U.S. at 341; *see also Ratzlaf v. United States*, 510 U.S. 135, 147-148 (1994) ("[W]e do not resort to legislative history to cloud a statutory text that is clear"). We "must give effect to the unambiguously expressed intent of Congress." *Chevron*, 467 U.S. at 842-43. There is simply no basis in the text of the IDEA or its implementing regulations for imposing a requirement that Fairfax County provide R.R.

---

[5]We note that the Secretary has promulgated regulations requiring states to adopt a Complaint Resolution Procedure (CRP) and has included a minimum one-year limitations period for that procedure. *See* 34 C.F.R. §§ 300.660-300.662. The CRP is an alternative method of addressing an IDEA grievance, *see Lucht v. Molalla River Sch. Dist.*, 225 F.3d 1023, 1028-29 (9th Cir. 2000), and the fact that the Secretary included information regarding the CRP limitations period but said nothing regarding a limitations period applicable to due process hearings indicates a purposeful choice, *cf. Russello v. United States*, 464 U.S. 16, 23 (1983) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion or exclusion." (alteration in original) (internal quotation marks and citation omitted)).

with notice of Virginia's two-year limitations period applicable to due process hearings.

## B.

R.R. also argues that decisions in this and other circuits demonstrate that the underlying policies and spirit of the IDEA require educational agencies to provide parents with notice of applicable limitations periods. As discussed below, these decisions indicate that the underlying policies and spirit of the IDEA may require notice to render a short limitations period consistent with the IDEA. R.R.'s contention is ultimately unavailing, however, because this court has already held that the longer Virginia limitations period is consistent with IDEA policies.

Courts adopting very short limitations periods have often imposed notice requirements to make limitations periods borrowed from state law consistent with the IDEA. *See*, *e.g.*, *CM*, 241 F.3d at 383-84 (holding that a North Carolina statute granting a 60-day limitations period was sufficiently consistent with IDEA policies because the statute contained a notice requirement); *Powers v. Ind. Dep't of Ed.*, 61 F.3d 552, 559 (7th Cir. 1995) (stating that "when unrepresented parents are involved and the limitations period is short, agency notices . . . should include notice of the limitations period" because a limitations period of less than 120 days "presents an occasion to heighten the requirements imposed on agencies"); *Spiegler v. District of Columbia*, 866 F.2d 461, 467 (D.C. Cir. 1989) ("We hold that [the IDEA] imposes a duty on the District to give, at the time a final administrative decision is rendered, clear notice of the availability of judicial review and of the 30-day limitations period."); *Scokin v. Texas*, 723 F.2d 432, 438 (5th Cir. 1984) (stating, in the context of a 30-day limitations period, that "the [IDEA]'s requirement that educational agencies inform parents of all available procedures includes a duty to inform parents of the limitations period for judicial review. Rather than relying on equitable principles to relieve uninformed parents, however, we will simply apply a longer statute of limitations"). Courts adopting longer limitations periods, however, have not imposed a notice requirement, as the limitations period is already consistent with the IDEA. *See*, *e.g.*, *Strawn v. Mo. State Bd. of Ed.*, 210 F.3d 954, 957-58 (8th Cir. 2000) (adopting a two-year limitations

period); *Manning*, 176 F.3d at 238-39 (holding that a "one-year stat-ute of limitations strikes an appropriate balance between the need for speedy resolution of disputes and the need to ensure that parties have a fair opportunity to obtain judicial review of administrative due pro-cess proceedings" and dismissing an action even though the plaintiff did not receive notice (internal quotation marks omitted)); *Schimmel*, 819 F.2d at 482-83 (adopting a one-year limitations period, rather than adopting a 30-day limitations period and imposing a notice requirement, because the one-year period is consistent with the IDEA).

We have already determined that Virginia's then one-year limita-tions period, which does not contain a notice requirement, is consis-tent with the spirit and underlying policies of the IDEA. *See Manning*, 176 F.3d at 239 (holding that Va. Code § 8.01-248 applies to requests for due process hearings because it is consistent with "the IDEA's policy of providing parents an opportunity to protect their disabled children's educational rights" and thus is consistent with the IDEA). Earlier, in *Schimmel*, we considered adopting a short limitations period and imposing a notice requirement on educational agencies; however, because "it [wa]s not clear to us from our reading of the statute that the [IDEA] actually imposes such a duty on educational agencies," we adopted a one-year limitations period and determined that it was consistent with IDEA policies, even absent a notice requirement. *Schimmel*, 819 F.2d at 482-83. Having so held, we can-not conclude that application of a longer, two-year limitations period, without a notice requirement, requires imposing a notice requirement to make it consistent with the IDEA.[6]

III.

Alternatively, because we may affirm the district court's judgment on any ground properly raised below, *see Northwest Airlines, Inc. v. County of Kent, MI*, 510 U.S. 355, 364 (1994) ("A prevailing party need not cross-petition to defend a judgment on any ground properly raised below, so long as that party seeks to preserve, and not to

---

[6]As a panel, we cannot overrule a prior panel and "are bound to apply principles decided by prior decisions of the court to the questions we address." *Under Seal v. Under Seal*, 326 F.3d 479, 484 (4th Cir. 2003).

change, the judgment."), R.R. urges us to affirm the district court on the basis that his claim did not accrue until he actually paid the tuition for which he is seeking reimbursement. (Appellee's Br. at 22-26.) R.R.'s argument, however, is unavailing.

An IDEA claim accrues "when the parents know of the injury or the event that is the basis for their claim." *Richards v. Fairfax County Sch. Bd.*, 798 F. Supp. 338, 341 (E.D. Va. 1992), *aff'd* 7 F.3d 225 (4th Cir. 1993) (quoting *Hall v. Knott County Bd. of Ed.*, 941 F.2d 402, 408 (6th Cir. 1991)). The injury in an IDEA case — the injury that allows a parent to bring a suit — is an allegedly faulty IEP or a disagreement over the educational choices that a school system has made for a student. *See* 20 U.S.C.A. § 1415(b)(6) (stating that parents can bring a claim "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child"). R.R.'s claim, accordingly, accrued when Mr. R. rejected the proposed IEP as inadequate or withdrew R.R. from the public school system because it was at that time that R.R. was entitled to initiate a due process hearing or an administrative appeal. Mr. R. rejected Fairfax County's proposed IEP on June 29, 1998, and withdrew R.R. from the Fairfax County Public Schools by August 7, 1998, expressing his intention to pursue his legal remedies. Using either date, R.R.'s claim accrued at least twenty-nine months prior to initiating the current action and is barred by Virginia's two-year limitations period.

## IV.

For the foregoing reasons, the district court's decision is reversed and the case is remanded with instructions to dismiss.

*REVERSED AND REMANDED WITH INSTRUCTIONS*